UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:



DIEUSEUL SIFRALIEN,
And others similarly-situated individuals,
    Plaintiffs,

**05-20852**

**CIV-KING**

vs.

MAGISTRATE JUDGE
O'SULLIVAN

KOSHER WORLD, INC.,
JOEL GOETZ,
    Defendants.
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW the Plaintiff, and other similarly-situated individuals, by and through the undersigned counsel, and sues Defendants and allege:

1.  This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. ss 201-219 (Section 216 for jurisdictional placement)("the Act").

2.  Plaintiff, **DIEUSEUL SIFRALIEN** (hereinafter **"SIFRALIEN"**) is a resident of **Miami-Dade County, Florida**, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3.  Defendant, **KOSHER WORLD, INC.** (hereinafter **"KOSHER WORLD"**), is a Florida corporation, engaged in business in **Miami-Dade County, Florida**, where Plaintiff worked for Defendants, and at all times material hereto was and are

engaged in interstate commerce.   The individual Defendant, **JOEL   GOETZ**

(hereinafter **"GOETZ"**) resides in **Pinellas County, Florida.**


## COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION

## AGAINST KOSHER WORLD

4.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 of

    this complaint as if set out in full herein.

5.  This action is brought by Plaintiff and those similarly-situated to recover from the

    Employer unpaid overtime compensation, as well as an additional amount as

    liquidated damages, costs, and reasonable attorneys' fees under the provisions of

    29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

    29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees . .

    . for a work week longer than 40 hours unless such employee receives

    compensation for his employment in excess of the hours above-specified at a rate

    not less than one and a half times the regular rate at which he is employed."

6.  Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29

    U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint,

    was engaged in interstate commerce.  At all times pertinent to this Complaint, the

    Employer/Defendant operates as an organization which sells and/or markets its

    services and/or goods to customers from throughout the United States and also

    provides its services for goods sold and transported from across state lines of

    other states, and the Employer/Defendant obtains and solicits funds from non-

    Florida sources, accepts funds from non-Florida sources, uses telephonic

**REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW**
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

7.  By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant **KOSHER WORLD'S** business activities involve those to which the Fair Labor Standards Act applies. The Defendant is a **grocery store/restaurant** and, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was employed by Defendant as a **cleaner** for the Defendant's business.

8.  While employed by Defendant, Plaintiff worked an average of **72 hours per week** without being compensated at the rate of not less than one and one half times the regular rate at which he/she was employed. Plaintiff was employed as a **cleaner** performing the same or similar duties as that of those other similarly-situated positions who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

**REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW**
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

9. Plaintiff was paid an average of **$7.00 an hour** from **December 2001 through January 2005** but has never been compensated for straight or overtime wages for the hours that she/he worked in excess of 40 hours per week.

10. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

11. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

12. At the times mentioned, Defendant **GOETZ** was, and is now, the Director and owner of Defendant Corporation. Defendant **GOETZ** was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant **GOETZ** had operational control of the business, provided Plaintiff with his/her work schedule, and are jointly liable for Plaintiff's damages.

13. Defendant, **KOSHER WORLD**, willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. Additionally, the Defendant made fraudulent and illegal wage deductions from Plaintiff's paychecks in further violation of the Fair Labor Standards Act.

14. Plaintiff has retained the law offices of the undersigned attorney to represent her/him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff, **SIFRALIEN** and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant **KOSHER WORLD**, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

**REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW**
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

JURY DEMAND

Plaintiff and those similarly-situated, demand trial by jury of all issues triable as of right by jury.

## COUNT II: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST GOETZ.

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 of this complaint as if set out in full herein.

16. At the times mentioned, Defendant **GOETZ** was, and is now, the Director and owner of Defendant Corporation. **GOETZ** was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of Defendant **KOSHER WORLD'S** employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant **GOETZ** had operational control of the businesses called **KOSHER WORLD**, provided Plaintiff with his/her work schedule, and is jointly liable for Plaintiff's damages.

17. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

18. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

19. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Defendant ran a **grocery store/restaurant** and, through the business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was employed by Defendant as a **cleaner** for the Defendant's business.

20. While employed by Defendant, Plaintiff worked an average of **72 hours per week** without being compensated at the rate of not less than one and one half times the regular rate at which he/she was employed. Plaintiff was employed as **cleaning personnel** performing the same or similar duties as that of those other similarly-situated cleaning personnel who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

21. Plaintiff was paid an average of **$7.00 an hour** from **December 2001 through January 2005** but has never been compensated for straight or overtime wages for the hours that she/he worked in excess of 40 hours per week.

22. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in

excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

23. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

24. At the times mentioned, Defendant **GOETZ**, was, and is now the Director and owner of Defendant Corporation. **GOETZ** was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendants had operational control of the business, provided Plaintiff with his/her work schedule, and are jointly liable for Plaintiff's damages.

REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

25. Defendant willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.   Additionally, the Defendant made fraudulent and illegal wage deductions from Plaintiff's paychecks in further violation of the Fair Labor Standards Act.

26. Plaintiff has retained the law offices of the undersigned attorney to represent her/him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff, **SIFRALIEN**, and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant **GOETZ** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

JURY DEMAND

Plaintiff and those similarly-situated, demand trial by jury of all issues triable as of right by jury.

REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000   FAX: (305)416-5005

## COUNT III KOSHER WORLD'S FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF SIFRALIEN PURSUANT TO 29 U.S.C. 215(A)(3).

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 of this complaint as if set out in full herein.

28. This action arises under the laws of the United States.

29. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

30. 29 U.S.C. § 206 (a) (1) states " ..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

31. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate..."

32. Defendants' business activities involve those to which the Fair Labor Standards Act applies. The Defendant **KOSHER WORLD** is a **grocery store/restaurant**, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendants likewise affects interstate commerce. Plaintiff worked as a **cleaner** while employed by the Defendants.

33. At the times mentioned, Defendant **GOETZ** was, and now is, the Director and owner of Defendant Corporation. **GOETZ** was an employer of Plaintiff and

REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in these individual Defendants acted directly in the interests of Defendant employer, in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. This individual Defendant resides in **Treasure Island, Florida**.

34. Plaintiff **SIFRALIEN** worked an average of **72 hours per week** for Defendants from on or about **December 2001** until on or about **January 2005**. Defendants fired Plaintiff on or about **January 2005**.

35. Plaintiff was paid an average of **$7.00 per hour** for the hours that he worked but was never compensated for straight time and overtime wages for the hours that he worked in excess of forty weekly.

36. Defendant willfully and intentionally refused to pay Plaintiff the overtime and minimum wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

37. Prior to and on or about **January 2005**, the Plaintiff complained about overtime wages to the Defendant and in that same day the Defendant fired Plaintiff.

38. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant. In other words, Plaintiff would not have been fired but for his complaint for overtime wages.

39. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff, **SIFRALIEN** requests that this Honorable Court:

12

A. Enter judgment against the Defendant **KOSHER WORLD**, for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

C. Plaintiff demands a trial by jury as to each count of this complaint.

## COUNT IV GOETZ'S FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF SIFRALIEN PURSUANT TO 29 U.S.C. 215(A)(3).

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 of this complaint as if set out in full herein.

41. This action arises under the laws of the United States.

42. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

43. 29 U.S.C. § 206 (a) (1) states " ..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

44. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate..."

REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

45. Defendants' business activities involve those to which the Fair Labor Standards Act applies. The Defendant **KOSHER WORLD**, is a **grocery store/restaurant** and, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendants likewise affects interstate commerce. Plaintiff worked as a cleaner while employed by the Defendants.

46. At the times mentioned, Defendant **GOETZ** was, and is now, the Director and owner of Defendant Corporation. **GOETZ** was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant **KOSHER WORLD**, employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant **GOETZ** had operational control of the business called **KOSHER WORLD**, provided Plaintiff with his/her work schedule, and is jointly liable for Plaintiff's damages.

47. At the times mentioned, Defendant **GOETZ** was, and now is, the Director and owner of Defendant Corporation. **GOETZ** was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in these individual Defendants acted directly in the interests of Defendant employer, in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. This individual Defendant resides in **Treasure Island, Florida**.

**REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW**
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000   FAX: (305)416-5005

48. Plaintiff **SIFRALIEN** worked an average of **72 hours per week** for Defendants from on or about **December 2001** until on or about **January 2005**. Defendants fired Plaintiff on or about **January 2005**.

49. Plaintiff was paid an average of **$7.00 per hour** for the hours that he worked but was never compensated for straight time and overtime wages for the hours that he worked in excess of forty weekly.

50. Defendant willfully and intentionally refused to pay Plaintiff the overtime and minimum wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

51. Prior to and on or about **January 2005**, the Plaintiff complained about overtime wages to the Defendant and in that same day the Defendant fired Plaintiff.

52. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant. In other words, Plaintiff would not have been fired but for his complaint for overtime wages.

53. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff, **SIFRALIEN** requests that this Honorable Court:

    A. Enter judgment against the Defendant **KOSHER WORLD** for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

    B. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional

distress and humiliation, and pain and suffering, front wages until Plaintiff

becomes 65 years of age as well as all other damages recoverable by law

29 U.S.C. 216(b).

C. Plaintiff demands a trial by jury as to each count of this complaint.


Dated: _3 - 21 - 05_

Respectfully submitted,

**REMER & GEORGES-PIERRE, P.A.**
100 N. Biscayne Boulevard
Suite 1003
Miami, Florida 33132
Tel.  (305) 416-5000
Fax: (305) 416-5005

By: _____
Jason S. Remer, Esq.
Florida Bar Number: 0165580